# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 03-5410 LJO |
| Plaintiff, | **ORDER RE: MOTIONS** |
| vs. | Doc. 141, 143, 145 |
| VICTOR VEVEA, | |
| Defendant. | |

This Court conducted a June 20, 2007 motions hearing. The United States of America appeared by Assistant U.S. Attorney Mark E. Cullers. Defendant Victor Vevea appeared by counsel Gary Huss.

**I. Government's Motions In Limine**

    **A.** To admit evidence that the defendant had a gun with him on June 15, 1999 at the deposition of his mother and made a comment that if attorney Kilpatrick were shot, it would not be by accident.

    **RULING:** motion granted. It is relevant, and goes to the issue of possible motivation (dislike) to commit the crime with which the defendant is charged. In weighing the FRE 403 issues, the probative value outweighs the prejudicial affect.

    **B.** To exclude that Det. Tunnicliffe was disciplined for mishandling a case.

    **RULING**: Denied in that the Defense may bring in evidence to indicate that the defendant testified in the Mendez case, thereby being critical of the testimony of the detective. It goes to the issue of potential bias by the Detective against the defendant in the instant case.

    **C**. To preclude evidence that the detective was "publicly admonished" for interference with the Attorney-Client privilege.

    **RULING**: Granted without prejudice. If defense counsel, after further investigation, intends on bringing in such evidence, he must first advise both the Court and Govt. counsel.

///

///

1

**II.  Defense Motions in Limine**

The motion is lacking in substance, is devoid of organization, and filled with argument.  With the exception   of the discussion and agreement between counsel on discovery concerning produced (or not produced) evidence, this motion is DENIED for lack of legal specificity.

**III.  Defense Motion to Suppress**

The motion is an improper motion for reconsideration on a court's prior finding and ruling that the search warrant affidavit was sufficient.  Discovering further evidence that was available at the time of the prior motion, hearing and ruling does not allow for this untimely motion.  It is DENIED.

In addition, the motion is filled with argument concerning credibility, something that this court can not decide on such a motion.

**IV.  Charging Decision by the Government**

The Government has indicated that they are making a decision on whether to proceed with this case as either a misdemeanor or a petty offense.  Both the Court and defense counsel are to be  notified by the Government on or before July 6th concerning that decision.

TRIAL WILL TAKE PLACE ON SEPTEMBER 17, 2007.

IT IS SO ORDERED.

**Dated:**   **June 20, 2007**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE