# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 03-5410 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTIONS** |
| vs. | |
| VICTOR VEVEA, | |
| Defendant. | |

## PREFACE

The court trial for this action is confirmed for January 22, 2008. Defendant Victor Vevea ("defendant") is charged with a petty crime of violation of 18 U.S.C. § 2701(a) and (b)(1). Defendant proceeds pro se.

On December 3, 2007, defendant filed thirteen motions and an apparent further request for an inventory. The Court will rule as though there are 14 following motions:

1. Motion to disclose grand jury testimony and records;
2. Motion to exclude documents "planted by the complaining witness";
3. Motion to exclude telephone access records;
4. Motion to exclude summary testimony of Lydell Wall or any other witness;
5. Motion for discovery of prosecutorial acts of witness and counsel intimidation;
6. Motion to exclude privileged documents;
7. Motion to exclude e-mail messages;
8. Motion to exclude computer access logs;

1   9.  Motion to exclude "flyer";

2   10. Motion to unseal exculpatory evidence;

3   11. Motion for early disclosure of Jencks material;

4   12. Motion for disclosure of Brady material;

5   13. Motion to suppress evidence seized from state authorities, or in the alternative, to
6       reconsider prior orders regarding suppression; and

7   14. Motion for inventory.

8   Defendant, with almost every motion, requests an evidentiary hearing. This is a COURT trial.
9   Relevancy, authentication and F.R.Evid. 403 matters can be <u>efficiently</u> handled at trial.

## RULINGS ON DEFENDANT'S MOTIONS

**1.  Motion to disclose grand jury testimony and records:** Defendant seeks disclosure of grand jury proceedings which took place prior to the indictment. Subsequent to the indictment, plaintiff United States of America ("Government") amended the charges from a felony to a petty offense. The charging pleading is the superceding information, filed November 22, 2006.

Defendant seeks disclosure pursuant to F.R.Crim.P. 6, 7, 12 and 16.

Defendant's request does not fall within the exception of F.R.Crim.P. 6(e)(3)(E).

F.R.Crim.P. 7 is irrelevant to defendant's request.

F.R.Crim.P. 12 discusses procedures involved with pretrial motions, not the specific substance or authority of the instant request.

F.R.Crim.P. 16 defines the parameters of discovery in criminal proceedings, not inclusive of the matter sought herein.

This Court has conducted numerous hearings on discovery issues and has ruled on all. Defendant continues to raise the same issues disguised by naming the motions differently, to wit: claiming privileged materials exist and were used by never provided to him, claimed "missing evidence," and misconduct on the part of state and federal prosecutors and government agents.

The matters before the grand jury were statutorily confidential, and defendant cites nothing to vitiate that confidentiality. Although some of the evidence requested is discoverable, it has been provided already, at least that which is in possession of the U.S. Attorney. Defendant believes, without

1  evidence or basis, that the prosecutor is untruthful.  Defendant further claims that the composition and
2  formation of the grand jury was improper and seeks discovery on those issues.  Not only is there no
3  credible evidence presented for such assertion, the defendant is not proceeding pursuant to an indictment
4  presently.

5    This Court DENIES defendant's motion to disclose grand jury testimony and records.

6    **2.    Motion to exclude documents "planted by the complaining witness":** Defendant
7  alleges that evidence was "planted" by the alleged victim in this case and that the Government intends
8  to use such evidence at trial.  Defendant seeks to exclude the documents and claims such evidence is
9  irrelevant.

10    At the court trial, this Court will require any document introduced into evidence to be relevant
11  when ruling upon a timely objection for relevancy.  This is the proper time to decide the issue.  Whether
12  or not the alleged evidence is offered by the Government at trial will be determined at that time.
13  Whether the evidence was "planted" or not will be an issue of fact at trial.

14    This Court DENIES defendant's motion to exclude documents "planted by the complaining
15  witness."

16    **3.    Motion to exclude telephone access records:** It appears as though defendant believes
17  that the Government will seek to prove that defendant had remote access to his employer's telephone
18  call forwarding system.  IF the Government seeks to prove that, the Government will need to establish
19  relevance first.  This is an issue for trial.  (Defendant needs to remember that this is a COURT trial and
20  therefore F.R.Evid. 403 has substantially less importance.)

21    In addition, if the issue is relevant, it appears that defendant plans to admit such access.

22    This Court DENIES defendant's motion to exclude telephone access records.

23    **4.    Motion to exclude summary testimony of Lydell Wall or any other witness:** This
24  Court does not understand what defendant means to communicate with the term "summary testimony."
25  Defendant claims that there is "(summary of proposed testimony attached hereto as Exhibit A)."  No
26  such attachment exists that the Court is able to find.  Instead, attached to the motion are Stanislaus
27  County Sheriff's Department incident reports and Kern County state court transcripts.

28    This Court DENIES defendant's motion to exclude summary testimony of Lydell Wall or any

3

1  other witness.

2  **5.     Motion for discovery of prosecutorial acts of witness and counsel intimidation:** The
3  allegations of prosecutorial misconduct and prosecutorial intimidation of witnesses in the instant motion
4  are allegations devoid of substance.  Such a request for discovery, without a scintilla of evidence to
5  substantiate the accusation constitute a fishing expedition.

6  This Court DENIES defendant's motion for discovery of prosecutorial acts of witness and
7  counsel intimidation.

8  **6.     Motion to exclude privileged documents:** As ordered below, this Court requires the
9  Government's immediate response to this motion.

10  **7.     Motion to exclude e-mail messages**: This motion to exclude e-mails is no more and no
11  less than an objection to e-mails based on hearsay and authentication.  This Court will await trial to see
12  if both evidentiary concerns are cured when and if the Government offers such matters into evidence.

13  The e-mails are indeed available to defendant.  If they are in the Government's possession, the
14  Government has on many occasions in open court offered to provide a time for defendant's review.

15  This Court DENIES defendant's motion to exclude e-mail messages.

16  **8.     Motion to exclude computer access longs**: This motion addresses the same issues
17  discussed as to hearsay and authentication.  The Court will, in the usual course of trial, rule on objections
18  as properly and timely made.

19  The purpose of pretrial motions is not to try the case.  If the documents are in the Government's
20  possession, they are now (and have been for a good amount of months) available to defendant to inspect.

21  This Court DENIES defendant's motion to exclude computer logs.

22  **9.     Motion to exclude "flyer":** This motion addresses issues of ultimate proof and strength
23  of the Government's cases, as well as, hearsay, authentication and relevancy.  Defendant also assumes
24  that the Government plans to use the "flyer" as character evidence.  These matters are subject to simple
25  objections to be made at trial.

26  This Court DENIES defendant's motion to exclude "flyer."

27  As a further comment, this Court notes that defendant believes that this issue, if ruled against
28  him, "could easily consume a week or more of trial time."  Such contention illustrates defendant's

misunderstanding of the court trial, and the reasonableness of time to try this case. As a result of such obvious misunderstanding, defendant and the Government shall file a <u>WRITTEN</u> estimate of time expected to be devoted for each procedure (opening statement, closing argument) and each witness to be examined or cross-examined. The parties' written estimates shall be filed no later than **12 p.m. on January 3, 2008** so that this Court will be ready to make its timing order at trial confirmation on January 4, 2008. This Court will determine the reasonableness and will issue an order on allowed time for this trial. This trial will not be, as defendant refers, "what promises to be a protracted proceedings." Fishing expeditions during trial will not be tolerated.

   **10.   Motion to unseal exculpatory evidence**: Defendant has not provided sufficient information to establish relevancy to this action to justify an unsealing order in the case entitled *Boyle v. County of Kern*, CV F 03-5162 OWW LJO.

   This Court DENIES defendant's motion to unseal.

   **11.   Motion for early disclosure of Jencks material:** This motion seek early disclosure of Jencks material, to wit: "thirty days before trial or sooner." Trial is set for January 22, 2007. This Court ORDERS the Government, no later than December 14, 2007, to respond to this motion to indicate:

   a.   Whether such Jencks material exists;

   b.   If so, when the Government is able to and will provide Jencks material; and

   c.   If not, why the Government lacks Jencks material.

   **12.   Motion for disclosure of Brady material**: A defendant need not make a motion for an order that the Government comply with its established obligation under *Brady v. Maryland*, 373 U.S. 83, as interpreted by the U.S. Supreme Court in *United States v. Agurs*, 427 U.S. 97. The Government has again and again indicated on the record that all information in its possession relating to the credibility of Government witnesses has been turned over to the defense.

   Defendant provides nothing to indicate that Government prosecutors have *Brady* material not already provided. As asserted by the Government, all has been turned over which is in the Government's possession.

   Although the defendant cites *Kyles v. Whitley*, 514 U.S. 419, defendant does not cite to a particular part of this 56-page opinion. This Court presumes that defendant relies on page 438 and few

5

following pages. Nowhere does the *Kyles* court hold that the Government is obligated to produce discovery which the Government neither has nor has any reason to believe exists (a position which the Government has stated many times on the record, but one which defendant disbelieves).

This Court DENIES defendant's motion for disclosure of *Brady* material.

**13.     Motion to suppress evidence seized from state authorities, or in the alternative, to reconsider prior orders regarding suppression:** The portion of this motion which requests this Court to reconsider it prior ruling on the same motion is untimely and does/not provide new information as is required for a motion for reconsideration. As to other respects of the motion, this Court ORDERS the Government to respond to the motion to suppress.

**14.     Motion for inventory**: This motion is classic example that if a person restates a falsity enough times, it becomes truth. Defendant has raised the inventory issue in prior hearings. Simply because defendant does not like this Court's prior decisions and instructions does not mean that the decisions were not made or that instructions were not given.

Defendant continues to demand that which the Government has indicated it does not have (numerous times). Defendant continues to ignore the offers to view the evidence which the Government possesses. Instead, defendant wishes to claim that the Government is insincere in its inspection offer.

This Court DENIES defendant's motion for inventory.

## CONCLUSION

In sum, this Court ORDERS the Government, no later than December 14, 2007, to respond to defendant's motions 6, 11 and 13 consistent with this order. These are not difficult or complex motions. This Court anticipates that it will rule in writing on motions 6, 11 and 13, no later than December 21, 2007.

In addition, at the January 4, 2008 trial confirmation, this Court will confirm the January 22, 2008 trial and will rule on reasonable time constraints to be imposed as a result of defendant's comments. (See requirement discussed in motion number nine ruling.)

In all other respects, this Court DENIES defendant's motions.

IT IS SO ORDERED.

**Dated:     December 10, 2007                    /s/ Lawrence J. O'Neill**

UNITED STATES DISTRICT JUDGE