IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 03-5410 LJO |
| Plaintiff, | **RULING ON DEFENDANT'S MOTIONS** |
| vs. | |
| VICTOR VEVEA, | |
| Defendant. / | |

**PREFACE**

The indictment for this action was filed on October 30, 2003, more than four years ago. Since then, defendant Victor Vevea ("defendant") has had two lawyers, both of whom asked to be removed from the case and representation for many reasons, including that defendant sought to run the handling of his defense. In essence, defendant, a paralegal, has been closely involved in all aspects of this case from the outset. Defendant now proceeds in propria persona.

The court trial on the petty offense for violation of 18 U.S.C. § 2701(a) and (b)(1) is set for January 22, 2007.

This Court in the Eastern District of California is the second busiest federal court in the nation. Defendant needs to realize that this Court has more than 1,000 ongoing cases to handle. With this order, absent a true good cause finding after a properly sought ex parte application for an order shortening time and absent prior court approval, this Court will acknowledge no further motions filed by defendant. The

1

grounds for this determination include:

1. This case has been pending for more than four years;
2. The trial will be in approximately one month;
3. During this month of December, defendant has caused:
   a. The filing of 13 motions;
   b. The filing of a further request for a Government-produced inventory;
   c. This Court's ruling on 14 motions prior to this order;
   d. The filing of a motion for reconsideration;
   e. The filing of a motion for inspection of evidence; and
   f. The filing of a "Notice of Moot Motion."

## DEPOSITION OF ALLEN BOYLE

Defendant has advised this Court that Allen Boyle has died and thus the prior motion to depose him is moot.

## SUPPLEMENTAL RULINGS TO DECEMBER 10, 2007 ORDER

Motion No. 6 – Motion to Suppress (Doc. 194): Indeed, this Court ruled on this motion on June 20, 2007. The substance of this motion is the same, and so is the ruling. In addition, the instant motion for reconsideration is untimely.

Motion No. 11 – Jencks Material (Doc. 193): The Government represents that the documents it currently has subject to this category have been produced. Should the Government receive further information, the Government shall produce such further information no later than 10 days prior to the January 22, 2007 trial.

Motion No. 13 – Privileged Documents (Doc. 199): This motions appears as moot. To the extent it is not moot, timely objections will be entertained at the time such evidence is offered at trial.

## MOTION FOR RECONSIDERATION OF DECEMBER 10, 2007 ORDER
## REGARDING INVENTORY

Defendant incorrectly concludes that the motions ruled upon in the December 10, 2007 order were ruled on grounds other than on their merits. Defendant offers no information that is new – factually or legally – to reconsider this issue.

### MOTION FOR INSPECTION OF EVIDENCE
### HELD BY THE GOVERNMENT

In numerous hearings, the Government has offered to allow defendant to inspect evidence. Defendant now asserts that his attempts to inspect have been either ignored or rebuffed. This Court ORDERS the Government, no later than 12 p.m. on December 20, 2007, to respond to defendant's assertions. After reviewing the Government's response, this Court will rule on defendant's request.

### MOTION TO DISQUALIFY THE GOVERNMENT'S COUNSEL

Defendant incorrectly asserts that his prior counsel Huss provided financial information improperly. That financial information was provided for this Court to determine whether defendant was entitled to counsel at no expense to defendant. This Court determined that defendant had extensive assets and was not entitled to free representation. Providing the financial documents was not a choice of defense counsel unless defendant withdrew his request for continued free counsel. Withdrawal of such request was not made.

This motion fails to identify the alleged privileged documents upon which defendant relies for his assertions. Other than reference to hard disks, hundreds of diskettes, more than 50,000 documents, and several Bates-stamped pages not provided to this Court, there has been no specification.

There is no substance to this motion upon which this Court is able to determine its merits.

This Court DENIES the motion for lack of legal specificity.

### CONCLUSION

Except for the limited inspection matter to which the Government must respond by this order, this Court DEEMS all pretrial legal matters closed.

IT IS SO ORDERED.

Dated:   December 17, 2007             /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE