1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    UNITED STATES OF AMERICA,                    CASE NO. CR F 03-5410 LJO

12                         Plaintiff,        _____**ORDER ON DEFENDANT'S EX PARTE**
                                                   **REQUESTS FILED DECEMBER 26, 2007**
13           vs.

14    VICTOR VEVEA,

15                         Defendant.
      _____/
16

17           Defendant Victor Vevea ("defendant") filed nearly 400 pages of material with his most recent

18    papers filed fewer than four weeks prior to the January 22, 2008 court trial for a petty offense.  The

19    papers include a request to issue 73 duces tecum trial subpoenas and assert incorrectly that motions are

20    pending before this Court.    (There are no motions that this Court has not ruled upon at least once.)

21    There are motions for reconsideration that neither meet the statutory basis for filing nor address issues

22    raised by this Court when initially ruled upon.

23           Defendant's current concern about the Speedy Trial Act is devoid of necessary information to

24    permit this Court to rule.  This Court declines defendant's invitation for this Court to research the issue.

25           Defendant incorrectly asserts there are "pending" motions.  There are no motions upon which

26    this Court has ruled upon at least once.  Simply because a party disagrees with a ruling does not render

27    the motion pending.

28           The continuing issue of defendant's ability to view discovery has been ruled upon numerous

                                                    1

1  times.  This Court views defendant's continued attempt to raise the issue as game playing.

2       As to retaining counsel, defendant is well aware that:

3       1.    This Court found that defendant has excessive assets to preclude this Court from

4             providing counsel free of charge;

5       2.    Prior to this Court's requiring asset information, this Court appointed two different

6             defense counsel (Mark Ament and Gary Huss);

7       3.    Both prior defense counsel had more than 55 years of criminal defense experience and

8             made formal motions to be relieved from further representation of defendant.  Both

9             counsel clearly indicated that they could neither communicate with nor please defendant

10            to render impossible to continue an attorney-client relationship; and

11      4.    Defendant has extensive legal experience himself.

12      This Court has attempted to focus defendant to follow procedure, to obtain private counsel, if

13  desired, to view evidence at the Government's repeated invitation, and to stop filing time-consuming,

14  spurious motions.  The attempts have failed.  As such, this Court ORDERS that:

15      1.    The court trial on the petty offense charged will proceed as scheduled on January 22,

16            2008;

17      2.    No further pretrial motions will be entertained by this Court;

18      3.    At trial, each side (defendant and the Government) will have seven hours to present

19            his/its respective case.  The seven per side hours (14 combined hours) will include all

20            aspects of the case, including opening statements, closing arguments and cross-

21            examination; and

22      4.    This Court will not entertain exhibits that are not pinpointed in scope to a page and line

23            during the taking of evidence.  Filing hundreds of pages of exhibits, as defendant did on

24            December 26, 2007, is abusive to the Court system and will not be tolerated.

25      IT IS SO ORDERED.

26  Dated:   **December 28, 2007**          **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE

27

28