# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　vs.<br>VICTOR VEVEA,<br><br>　　　　　Defendant.<br>_____ / | CASE NO. CR F 03-5410 LJO<br><br>**ORDER REGARDING:**<br>1. DEFENDANT'S SEALING REQUEST;<br>2. DEFENDANT'S TIME ESTIMATES<br>3. DEFENDANT'S APPARENT MOTION<br>　　FOR TRIAL CONTINUANCE. |

　　　　Pro Se Defendant Victor Vevea ("defendant") has filed a 31 page document on January 2, 2008 entitled: "DEFENDANT'S TRIAL TIME ESTIMATES, OFFERS OF PROOF, AND REQUEST FOR SEALING ORDER."   Because a response from the Government would in no way help or guide the Court in its response to the latest-filed pleading, no response from the Government is either requested or required.

## SEALING ORDER ISSUE

The request for the most recently filed document, NOT filed under seal on January 2, 2008, to be filed under seal is made on the ground that some of the Defendant's trial strategy has been disclosed in the document. The Court finds good cause, and the request is GRANTED. The clerk of the court is ordered to file the document under seal.

## TIME ESTIMATE ISSUES

This Court issued an order dated December 28, 2007 indicating that each side had 7 hours to present their respective cases (7 hours for the Government, and 7 hours for the Defendant) in this Court Trial for the petty crime charged.

1

1  In spite of the Court's most recent order, in the Defendant's most recent document, he estimates (more
2  or less, based on the manner presented) more than 170 hours needed at trial, just to present his own
3  case. Several of the indicated witnesses include Bench officers.
4  The Order of December 28, 2007 is a reasonable amount of time for a petty crime as charged concerning
5  timing to present and/or defend the matter. The beyond-belief estimates of the Defendant for his own
6  case are precisely why the Court found it necessary to put limits on the presentation of the case. The
7  Defendant will have 7 hours to conduct all aspects of his case. At the end of 7 hours, the Defendant will
8  have concluded his presentations of the defense. Defendant needs to prepare the defense accordingly
9  with that time frame in mind, as the Court will stop the Defendant at the end of 7 hours, whether one
10 witness has testified, or all 82 witnesses have testified.

## DEFENDANT'S EXPECTED DELAYS TO BEGIN TRIAL

14 The defendant, in the last page of his most recently filed document, outlines at least a seven month delay
15 for trial to commence, and "may request a further delay." This appears to be an improperly-noticed Ex
16 Parte Motion for an Order Shortening Time for a Motion to Continue the Trial, currently scheduled and
17 confirmed, for January 22, 2008.
18 This case has been pending an inordinate amount of time already. The Indictment, when the charge was
19 a felony, was filed more than 4 years ago, on October 30, 2003. Most of the time, the Defendant (now
20 in Pro Se) was being represented by Counsel. Since then, two highly capable and experienced lawyers
21 have requested to be relieved from representation because of their inability to work with the Defendant.
22 Succinctly, both counsel, separately, concluded the same thing: the Defendant thought he knew more
23 than they did and could not be reasoned with by either counsel).
24 The motion to continue the trial lacks good cause, factually and legally, fails to give proper and timely
25 notice, and is a further attempt to delay the resolution of this case. It is DENIED.

2

REQUEST FOR LEAVE TO FILE A MOTION

FOR APPOINTMENT OF COUNSEL

When it became clear to this Court that the Defendant had excessive assets to be able to afford to hire counsel at his own expense, the Court indicated that it would no longer order government-provided counsel for the Defendant. It was at that time that his then-attorney, Gary Huss, withdrew as the Defendant's counsel, in mid October, 2007.

Defendant now wishes leave to file "a motion for appointment of counsel at defendant's expense."

Not only is the request untimely, some 20 days before the trial is to begin, but there is no legal authority for the court to appoint counsel under circumstances where the Defendant has financial resources available to retain counsel. If it is the Defendant's position now, as it has been in the past, that he's attempted to retain counsel, but nobody will take his case, in spite of the Defendant's ability to pay for counsel, the inference to be drawn from that position is one of two things:

1. Highly suspect and unbelievable that no counsel will accept the case while being paid for the time to defend; or

2. All counsel who have been contacted have concluded the same thing the first two counsel who had been court appointed concluded: they can't work with the Defendant.

The request for leave is DENIED.

SUMMARY

The trial is going to be conducted commencing on January 22, 2008 at 10:00 a.m. in Courtroom 8 located at the United States Courthouse at 2500 Tulare Street, Fresno, California. Each side will have 7 hours to present all aspects of their case, for a total of 14 hours.

IT IS SO ORDERED.

**Dated:    January 2, 2008**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE