FILED

JAN 6 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 03-5410 LJO |
| Plaintiff, | **RESPONSE TO DEFENDANT'S DECEMBER 2009 LETTERS** |
| vs. | |
| VICTOR VEVEA, | |
| Defendant. / | |

In December 2009, defendant Victor VeVea ("defendant") sent two letters to United States Magistrate Judge Dennis L. Beck (attached to this order). Mr. VeVea characterizes his December 17, 2009 letter as an "ex parte request for appointed counsel." Mr. VeVea details multiple reasons for requiring counsel, including:

1. To bring a motion to waive, correct, suspend payments on an outstanding balance of attorneys' fees this Court ordered Mr. VeVea to pay as part of Mr. VeVea's sentence;

2. To challenge this Court's sentence and probation terms;

3. To obtain exculpatory evidence allegedly held by the government; and

4. To uncover "other significant proof of his innocence" and to raise "many errors" in his defense "that did not make it into the record.

In his December 22, 2009 letter, Mr. VeVea supplements his first letter to explain his financial status. For the following reasons, this Court denies Mr. VeVea's request for counsel.

1

Mr. VeVea raises all of the issues outlined in his December 17, 2009 letter in his 100-page opening appellate brief filed in his currently-pending appeal of this action. See USCA Case No. 08-10080 (9th Cir.) (Doc. 52). Once Mr. VeVea filed his notice of appeal, however, this Court was divested of jurisdiction over the matters being appealed.[1] *U.S. v. Phelps*, 283 F.3d 1176, n.5 (9th Cir. 2002) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). The purpose of the divestiture rule is to promote judicial economy and to avoid confusion of having the same issues before two courts simultaneously. *Natural Res. Def. Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). To promote judicial efficiency and to avoid confusion, this Court refuses to depart from the general divestiture rule. Accordingly, this Court has no jurisdiction to consider Mr. VeVea's claims or his request for counsel.

Moreover, in some of his claims, Mr. VeVea appears to be under the misconception that he is entitled to court-appointed counsel to pursue habeas relief on his behalf. The Court notes that Mr. VeVea has not filed a habeas action to challenge this Court's sentence under 28 U.S.C. §2255 or otherwise, though his letters make clear that he would like to pursue such a course. Mr. VeVea has no constitutional right to counsel, however, to assist him in his pursuit of habeas relief. *See Bonin v. Vasquez*, 999 F.2d 425 (9th Cir. 1993) ("Clearly, there is no constitutional right to counsel on habeas."). "The Sixth Amendment right to counsel does not apply in habeas corpus actions. Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (footnote omitted), citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir.1970) (per curiam); and *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965), *cert. denied*, 382 U.S. 996, 86 S.Ct. 582, 15 L.Ed.2d 483 (1966); *see also Hatfield v. Bailleaux*, 290 F.2d 632, 635 (9th Cir.), *cert. denied*, 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59 (1961); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir.), *cert. denied*, 358 U.S. 889, 79 S.Ct. 131, 3 L.Ed.2d 116 (1958). Accordingly, even if Mr. VeVea's request was proper procedurally, it would be denied.

---

[1] Throughout the course of his criminal proceedings, Mr. VeVea filed multiple unsuccessful interlocutory appeals. See Docs. 160, 167, 246, 256. Unlike Mr. VeVea's previous attempts to appeal this Court's orders, Mr. VeVea's latest appeal of this Court's final order is properly before the appellate court. The parties are currently briefing their arguments.

1  The issues raised by Mr. VeVea fall into two categories–issues properly addressed in his Mr.
2  VeVea's pending appeal and issues properly addressed in habeas. This Court has no authority to appoint
3  counsel in either case. This Court lacks jurisdiction on the claims currently before the appellate court.
4  In addition, even if this Court had authority to appoint counsel to address Mr. VeVea's collateral attack
5  on his March 3, 2008 judgment and sentence, Mr. VeVea has no constitutional right to counsel to
6  represent him in habeas proceedings. In sum, this Court has no authority to grant Mr. VeVea any of the
7  relief he seeks. For these reasons, Mr. VeVea's ex parte request for the appointment of counsel is
8  DENIED.

10  IT IS SO ORDERED.

12  Dated: January 6, 2010.             /s/ Lawrence J. O'Neill
13                                       United States District Court Judge

**Victor VeVea**
6900 Mignonette St., Bakersfield, California, 93308
(661)391-8877 • (661)303-8806 cell

December 22, 2009

**RECEIVED**

DEC 2 9 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

Honorable Dennis L. Beck
U.S. District Court
2500 Tulare Street
Fresno, CA 93721

Re:   United States v. Victor VeVea, 03-CR-05410
      Appointed Counsel

Honorable Judge Beck:

I wrote to you on December 17, 2009 requesting counsel and explaining my financial situation. This letter is to update you regarding changes in my finances.

After sending the letter to you, I received $4,895 in back unemployment benefits, which was fully dispersed to pay past due property taxes, house payments, car insurance premiums, and other bills. I believe I am now current on all debts, except for any debt owed to the court.

Also, my Mercury Mountaineer broke down due to a leaking radiator and other problems related to the cooling system. I was quoted approximately $1,100 to replace the radiator, hoses, thermostat, and other required parts to make it safe to drive, but it is also in need of a catalytic converter before it can be re-registered. I do not know the cost of a catalytic converter, but I presume the total cost of repair will exceed the value of the vehicle, so it will simply be retired.

I still desire appointed counsel or other appropriate relief as discussed in my first letter.

Sincerely,

Victor VeVea

**Victor VeVea**
6900 Mignonette St., Bakersfield, California, 93308
(661)391-8877 • (661)303-8806 cell

December 17, 2009

**RECEIVED**

DEC 2 9 2009

Honorable Dennis L. Beck
U.S. District Court
2500 Tulare Street
Fresno, CA 93721

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

Re:   United States v. Victor VeVea, 03-CR-05410
      Appointed Counsel

Honorable Judge Beck:

I am the defendant in the matter of United States v. Victor VeVea.

This is an ex parte request for appointed counsel or other appropriate relief. This correspondence has not been served on the Government or anyone else.

On or about December 4, 2003, you appointed counsel to represent me. I do not have a copy of the order, but I recall that I was ordered to pay $200 per month.

I am not competent to represent myself. I have never requested self representation, and I have no desire to represent myself. I do, however, need and desire representation.

I paid $3,200 for the services of appointed counsel and those they employed, which I understood to be greater than the maximum amount authorized under *18 U.S.C. §3006A*. At one point, the Federal Defender requested more money, but the department head, Marc Ament, dropped the issue when I requested arbitration, and he informed me that he would file a waiver of the excess fees on my behalf. My last payment was in September 2005.

During the course of these proceedings appointed counsel was relieved over my objection, and I was forced to proceed pro se. I requested a jury trial, but was convicted of a Class A Misdemeanor by court trial on January 23, 2008. The charge was then reduced to an infraction.

As part of my sentence, I was ordered to pay outstanding attorney fees, but I was under the belief that all fees had already been paid, so I have made no further payments.

On December 14, 2009, I contacted the clerk of the court in an attempt to obtain a copy of your order and proof that I had paid as ordered. I was eventually referred to Financial Clerk Rachel

Balli, who informed me that I had a $27,344 balance, and she sent me the enclosed documentation. I was shocked since the charged amount is so far in excess of that authorized by statute for attorney fees, and is more than six times the maximum amount I could be fined.

I was under the belief that the whole issue of fees had been resolved by the Federal Defender's office, so on December 15, 2009, I contacted the Fresno Federal Defender's office and explained my concerns. I was informed that Mr. Ament was on extended leave, and I was transferred between multiple employees in both the Fresno and Sacramento offices before being instructed to contact my appellate attorney.

On December 15, 2009, I contacted my appellate attorney. He told me that he would put the matter on calendar to find out exactly what I owe, if anything, and whether or not any balance can be waived or modified since I have no current income. Because there have been no collection efforts (indeed the clerk has not even contacted me regarding the alleged balance), I was under the impression that everything owed was paid.

I hope that this is simply a clerical error. I never intended to be out of compliance with any court orders.

Early in his appointment, my appellate attorney informed me that I needed habeas counsel and counsel to litigate a motion concerning my probation terms. Appellate counsel informed me that he would be up to the task once he filed an opening brief in my case. However, today he informed me that he is not authorized to take any action in the district court.

I am in need of an attorney at the district court level for several reasons:

1. As noted above, court records indicate that I owe the court a substantial balance. I need counsel to bring a motion to waive the balance, correct the balance, suspend payments on the balance, or seek other appropriate relief.

2. I have already served a term of incarceration and term of probation significantly greater than that authorized by statute. I need counsel to bring a motion to terminate probation.

3. The terms of my probation require me to support my family. However, the probation terms also bar me from virtually any gainful employment for which I am qualified. If the motion to terminate probation fails, I need counsel to bring a motion to stay or modify the terms of probation until my appeal is heard.

4. During trial, the government introduced computer disks in evidence against me. I was not allowed access to the disks before, during, or after trial. After trial, the government admitted that the disks had file creation dates after the date the disks were seized from me. In other words, the government had and continues to have substantial proof that the evidence against me was manufactured. Yet, the government continues to deny me access to the disks as well as other substantial proof of my innocence, including video tapes that prove my alibi. I need counsel to assist me in obtaining the exculpatory evidence held by the prosecution team.

5. I know of existence of other significant proof of my innocence, but I was not allowed to subpoena any witnesses or any evidence to use in my defense. The case also suffered from many errors that did not make it into the record. I need counsel to bring a habeas or other appropriate petition to so these issues can be addressed.

The state of my finances has significantly declined since you first appointed counsel for me. The instant case and the many corollary proceedings have caused me and my family great financial hardship.

I have no current income and have had no income in more than two months because my unemployment benefits expired. I have sold my silver collection and many of my books and CDs to help pay living expenses.

I am one of the victims in the matter of People v. Karen Roxanna Guth and Joshua Morris Yaguda, Case #F000423908. The defendants in that matter took $40,000 from me, but just over $5,000 was recovered. They have already been convicted of the crime.

Before these many proceedings started, I had a $75,000 per year salary and I received stock options, a company car, and other benefits of significant value. But because of this litigation, I am now unemployed and virtually unemployable.

In addition to my regular salary, I earned about $800 per month working from my home, but my terms of probation have prevented me from doing any of my usual income earning tasks. My probation terms essentially make me unemployable in any of my regular occupations or in any occupation I have studied or trained for.

After my house was searched in February 2002, the prosecution team demanded that I make certain concessions and payments in exchange for this matter being dropped. I paid $3,859 as demanded, abandoned the taking of a default judgment valued at just over $379,000, and made other concessions. The prosecution team did not drop the case as promised.

The prosecution team has still not returned or disclosed all of the property that was seized from me in February 2002, so I suffered not only the financial loss caused by the taking of my property, including multiple computers and other electronics, but the prosecution team continues to hold substantial proof of my innocence, thus needlessly prolonging this litigation and causing me further financial hardship.

As noted above, I paid $3,200 for the services of appointed counsel. After appointed counsel abandoned my case, I retained an attorney, who I paid approximately $4,000, but I was still forced to proceed to trial pro se. Retained counsel did stay and assist me during trial.

I have appointed counsel on appeal, but do not yet know what fees I will be charged for his services. Based on 18 U.S.C. §3006A, I presume those fees will be $5,000 or less.

I had a profitable rental property, but my renters sublet the property to drug dealers who severely damaged the property. I was able to evict them, but I have not received any income from the

property in more than a year, and I do not have the finances to make the property habitable so that it can be rented. I cannot sell the property to pay for counsel or to pay court fees because I am joint owner with my wife and she refuses to contribute further to my case.

The only vehicles I own are those I had when this case started, a 97 Mountaineer and a 99 Lumina. Each has high mileage and is in poor repair.

I owe my mother $10,000. I have had to borrow more than $35,000 on a second mortgage on my home in the last two years, and have incurred approximately $5,000 in credit card debt.

My property taxes are past due as is my car insurance and many other debts, but I do not have enough money to pay them in that I have less than $10 cash, $5 in savings, and less than $300 in checking. I do have an IRA, but I do not have access to the account and don't know how much money is in it.

My combined monthly house payment is now approximately $2,300.

My wife does have employment income, but she keeps her finances separate from mine except for the money she has recently been using for family expenses.

Based on the above, I request that you appoint counsel for me or grant other appropriate relief.

Sincerely,

Victor VeVea