IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    vs.<br>VICTOR VEVEA,<br><br>                Defendant.<br>_____/ | CASE NO. CR F 03-5410 LJO<br><br>**STATEMENT OF NO JURISDICTION** |

On February 26, 2010, defendant Victor VeVea ("Mr. VeVea") filed an ex parte request to file a motion and a motion to terminate his probation (Docs. 296, 297). On March 29, 2010, Mr. VeVea filed an ex parte request to file a motion and a motion to stay imposition of sentence (Docs. 298, 299) Because this Court lacks jurisdiction over these issues that are currently pending in Mr. VeVea's appeal, this Court DENIES Mr. VeVea's February 2010 and March 2010 ex parte requests and issues the following statement of no jurisdiction.[1]

An appeal in this criminal matter is currently pending in the United States Court of Appeals for the Ninth Circuit. Mr. VeVea raises all of the issues outlined in his motions in his 100-page opening appellate brief filed in his currently-pending appeal of this action. *See* USCA Case No. 08-10080 (9th Cir.) (Doc. 52). As this Court previously explained, **once Mr. VeVea filed his notice of appeal this**

---

[1] This Court similarly rejected Mr. VeVea's December 17, 2009 ex parte letter request for appointed counsel in a January 6, 2010 response. (Doc. 295).

1

1  **Court was divested of jurisdiction over the issues before the appellate court.** *U.S. v. Phelps*, 283
2  F.3d 1176, n.5 (9th Cir. 2002) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)).
3  The purpose of the divestiture rule is to promote judicial economy and to avoid confusion of having the
4  same issues before two courts simultaneously. *Natural Res. Def. Council v. Southwest Marine, Inc.*, 242
5  F.3d 1163, 1166 (9th Cir. 2001). According to this well-settled rule, **this Court lacks jurisdiction over**
6  **the claims currently pending on appeal.** Thus, **this Court has no authority to grant Mr. VeVea the**
7  **relief he seeks.**

8  This Court made clear in its January 6, 2010 order (Doc. 295) that this Court lacks jurisdiction
9  over Mr. VeVea's action while the appeal is pending. In addition, this Court has found Mr. VeVea's
10 numerous post-conviction motions to be brought in bad faith and has warned Mr. VeVea that further
11 motions filed in bad faith will subject him to this Court's order to show cause. (Doc. 267).

12 **This Court ORDERS Mr. VeVea to file no further post-conviction motions over which this**
13 **Court lacks jurisdiction. Further inappropriate motions will subject Mr. VeVea to an order to**
14 **show cause, a probation violation and/or other sanctions**. *See,* Judgment and Commitment Terms of
15 Probation (Doc. 263); *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996) (court has a duty to
16 supervise the conduct of attorneys appearing before it); *Dahl v. City of Huntington Beach*, 84 F.3d 363,
17 367 (9th Cir. 1996) (determination of sanction is subject to court's sound discretion); Local Rule 110
18 (failure of counsel or party to comply with order of the court may be grounds for imposition of sanction
19 within inherent power of the court).

20
21 IT IS SO ORDERED.
22 **Dated:   April 2, 2010**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE
23
24
25
26
27
28