# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:03cr05410-001 LJO |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR FURTHER CLARIFICATION; ORDER ON GOVERNMENT'S MOTION TO CORRECT CLERICAL ERROR IN JUDGMENT PURSUANT TO RULE 36 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| VICTOR VEVEA, | |
| Defendant. | |

The Court has received and reviewed the Government's "Motion to Correct Clerical Error in Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure."

The Court has also received and reviewed the Defendant's "Motion for Clarification of 'Petty Offense' " and responds thereto.

The Government is correct that the Ninth Circuit remanded this case back to this Court for a limited purpose, which was "to clarify the statute of conviction in its judgment." Handling these two instant motions together is consistent with the remand.

The term "Petty Offense" is defined pursuant to 18 U.S.C. 19. The fine for such an offense is proscribed in 18 U.S.C. 3571(b)(6) and (7). Whether the petty offense is a Class B Misdemeanor, a Class C Misdemeanor or an Infraction, the same maximum fine applies: not more than $5000. In addition, the 2001 version of 18 U.S.C. 2701(a) and (b)(2) dealing with a class B misdemeanor is the statute applicable both as to the offense and the punishment. The conduct and words of both the Assistant United States Attorney during the prosecution of the case, as well as the action of the Court at sentencing illustrate the clear intent of both the prosecutor and the trial court, that the

Defendant was convicted of a petty offense, to wit, a Class B misdemeanor, pursuant to 18 U.S.C. 2701(a) and (b)(2).  The historical and factual substance of the motion filed by the Government is correct.

The Judgment is ordered to be amended to indicate that the defendant was convicted of a petty offense, a class B misdemeanor pursuant to 18 U.S.C. 2701 (a) and (b)(2).

The Pending and timely-filed defense motion for stay of execution of sentencing or modification of the conditions of probation (also remanded by the Ninth Circuit Court of Appeals, if timely made) will be handled in a different and independent order.

IT IS SO ORDERED.

**Dated:   May 24, 2010**                                  /s/ Lawrence J. O'Neill
                                                                        UNITED STATES DISTRICT JUDGE